IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL MCDONALD,[1] | § | |
| | § | No. 458, 2018 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN16-04806 |
| KAREN PAIGE, | § | Petition No. 16-32733 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: March 15, 2019
Decided: April 30, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant ("Father") filed this appeal from a Family Court order regarding custody of the parties' daughter (the "Custody Order") and a Family Court order denying Father's motion for reargument of the Custody Order. The Family Court entered the Custody Order after an evidentiary hearing during which both parties were present and represented by counsel. Among other things, the Custody Order awarded the parties joint legal custody and shared residential placement of

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

their daughter. It further provided that if the parties cannot agree regarding important decisions in the child's life, the appellee ("Mother") shall have authority to make a final decision.

(2) Our review of an appeal from a custody decision extends to both the facts and the law, as well as to the inferences and deductions made by the Family Court after considering the weight and credibility of the testimony.[2] To the extent the Family Court's decision implicates rulings of law, our review is de novo.[3] Findings of fact will not be disturbed unless they are found to be clearly erroneous and justice requires that they be overturned.[4] The judgment below will be affirmed "when the inferences and deductions upon which [the decision] is based are supported by the record and are the product of an orderly and logical deductive process."[5]

(3) Under Delaware law, the Family Court is required to determine legal custody and residential arrangements for a child in accordance with the best interests of the child.[6] The Custody Order reflects that the Family Court carefully reviewed all of the best interest factors under 13 *Del. C.* § 722. On appeal, Father challenges the credibility of the witnesses and evidence upon which the Family Court based its

---

[2] *Devon v. Mundy*, 906 A.2d 750, 752 (Del. 2006).
[3] *Id.*
[4] *Id.*
[5] *Id.* at 752-53.
[6] 13 *Del. C.* § 722.

decision and argues that the Family Court should have given more or less weight to various facts when reaching its decision. After careful review of the record, including the transcripts of the custody hearing and the earlier child support hearing, we find no abuse of the Family Court's discretion. Under the circumstances, we defer to the Family Court's factual findings and its credibility determinations. It is apparent from the Custody Order and its order denying Father's motion for reargument that the Family Court reviewed the evidence, made factual findings, and applied the correct legal standard in determining that it was in the child's best interest that, because of the parties' inability to work together, it was appropriate for Mother to have final decision-making authority. Moreover, Father's contention that the Family Court was biased against him has no basis in fact—rather, it arises from his disagreement with the Family Court's conclusion.[7]

(4) Father also argues that the Family Court erred by considering testimony regarding the child's enrollment in a private school during the 2016-2017 school year and the parties' respective roles in deciding to enroll the child there. Father contends that, because evidence regarding that subject had been presented at an earlier hearing relating to the matter of child support, the doctrine of collateral estoppel barred the Family Court from "establishing new fact determinations" based

---

[7] *Cf. Stuart v. Stuart*, 2018 WL 3688589 (Del. Aug. 1, 2018) ("Father's contention that the Family Court was biased against him because it relied upon perjured testimony has no basis in fact.").

3

on evidence concerning the private school issue. We find no basis for reversal on this issue. As the Family Court correctly observed in its decision denying Father's motion for reargument, Father's counsel did not object at the custody hearing to the presentation of testimony or evidence relating to the private school issue.[8] Indeed, Father was the first witness during the custody hearing, and he testified on direct examination regarding the private school issue.[9] Under Delaware law, parties may not use a motion for reargument to raise new arguments that could have been raised before the court's decision.[10] The Family Court therefore did not err by denying the motion for reargument, and we need not address the merits of Father's collateral estoppel argument.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[8] *McDonald v. Paige*, File No. CN16-04806, Petition No. 16-32733, Decision on Motion for Reargument, at 8 (Del. Fam. Ct. Aug. 16, 2018).
[9] *E.g.*, Tr. of Mar. 27, 2018 Custody Hearing, at 17-19.
[10] *S.F. v. R.F.*, 2006 WL 2388945, at *2 (Del. Fam. Ct. June 17, 2006).